**The document below is hereby signed.  Dated: October 15, 2008.**



**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
YVONNE N. HART,                )   Case No. 07-00115
                               )   (Chapter 13)
          Debtor.              )   Not for Publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER RE
OBJECTION TO CLAIM OF TRIAD FINANCIAL

The Chapter 13 trustee has filed an objection to the proof of claim filed by Triad Financial Corp., on August 25, 2008, stating that she:

> objects to the proof of claim filed herein on August 25, 2008, by Triad Financial Corporation, as unsecured in the amount of $12,034.92, although not correctly designated as such, it appears to be an amendment of a previously filed and allowed secured claim in the amount of $17,776.28 on March 27, 2007 by said creditor and bearing same account number 7377096-xxxx.

Triad failed to check the box on the proof of claim filed on August 25, 2008, indicating that it actually amended the proof of claim filed on March 27, 2007.  The trustee's proposed order would thus disallow the claim as a duplicate of the earlier claim.  Triad has failed to respond.  The debtor's confirmed plan provided that Triad's claim, to the extent it was an allowed

secured claim, would be paid directly by the debtor, and provided that allowed unsecured claims were to be paid in full with 6% per annum postconfirmation interest.  Because no one has objected to the original proof of claim, and Triad has failed properly to amend that proof of claim, the claim asserted therein remains an allowed secured claim.  It would be inappropriate for Triad to have its claim treated as both an allowed secured claim being paid by the debtor directly and as an allowed unsecured claim being paid through the plan.[1]  It is in that sense that the proof of claim is an improper duplicate claim.

An order follows sustaining the trustee's objection to the newest proof of claim.  The disallowance is without prejudice to the filing of an amended proof of claim that makes clear that it amends the original proof of claim.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.

---

[1]  It is unclear why Triad asserted in its newest proof of claim filed on August 25, 2008, that the claim is unsecured. Triad and the debtor had recently entered into an agreed order modifying the automatic stay, giving the debtor time to cure postpetition arrears.  It is unlikely that there would have been a default by the debtor under that order that would have permitted Triad to repossess the vehicle and sell it prior to August 25, 2008, the date of the filing of the new proof of claim.